**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LUIS MANSO et al., : | Civil Action No. 13-3226 (RMB) |
| Plaintiffs, : |  |
| : | **OPINION** |
| v. : |  |
| COMMISSIONER GARY M. LANIGAN : et al., : |  |
| Defendants. : |  |

**BUMB**, District Judge:

This matter comes before the Court upon submission of a civil complaint ("Complaint") executed by four plaintiffs, namely, Luis Manso ("Manso"), Ricky Salaam ("Salaam"), Gary Harris ("Harris") and Jamaal Waliyuallah ("Waliyuallah", hereinafter, collectively, "Plaintiffs"), who are convicted prisoners confined at the South Woods State Prison ("SWSP"), Bridgeton, New Jersey. See Docket Entry No. 1, at 3-4. Plaintiffs are seeking to litigate this matter as a class action. See id. at 7. The Complaint arrived unaccompanied by Plaintiffs' filing fee or by their applications to proceed in this matter in forma pauperis. See, generally, Docket.

Plaintiffs named, as defendants, various top supervising officers of the New Jersey Department of Corrections ("DOC") and supervising DOC officers employed at the SWSP. See Docket Entry

No. 1, at 4-6.

Plaintiffs asserted a vide range of challenges implicating different clauses of First, Eighth and Fourteenth Amendments and raised allegations on behalf of those SWSP inmates whom Plaintiffs qualified as "Muslim" and with regard to whom Plaintiffs broadly outlined certain events that allegedly transpired in 2010, 2011 and 2012.  See id. at 7-14.  However, these allegations did not detail any specific facts or specific wrongdoers who were personally involved in the deprivations, or the specific acts of those wrongdoers, or the specific injuries Plaintiffs suffered personally, etc.  The Complaint indicates that Plaintiffs seek class certification and compensatory damages, per each member in the amount of $200 per each day when that class member was subjected to at least one of the alleged deprivations, $300 in punitive damages per each member per each such day, expungement of each class member's records as to his gang membership affiliation, etc.  See id. at 18-20.

While the Complaint is drafted in the style inviting the reader to assume that each Plaintiff executed this pleading, the signature block and various exhibits (styled as an application for a temporary restraining order) indicate that the entire package was produced and submitted solely by Manso.  See Docket Entry No. 1, at 20; Docket Entry No. 1-1.  Hence, the Court cannot establish with any measurable degree of certainty that

2

Harris, Salaam and Waliyuallah are aware of this submission.

I.   **In Forma Pauperis**

The filing fee for a civil complaint is $350.00.  The Clerk cannot file a civil complaint unless the person seeking relief either prepays the entire $400 filing fee or applies for and is granted in forma pauperis status under 28 U.S.C. § 1915.[1]  See Local Civil R. 5.1(f).  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) ("PLRA"), which amended 28 U.S.C. § 1915, established certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.[2]

---

[1] Effective on May 1, 2013, the entire fee to be paid in advance of filing a civil complaint is $400.  That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400.  However, a prisoner who is granted in forma pauperis status is assessed incremental collections of only the filing fee in the amount of $350 and is not responsible for the $50 administrative fee.  In contrast, a prisoner who is denied in forma pauperis status must pay the full $400, that is, the $350 filing fee and the $50 administrative fee before the complaint is filed.  Since Plaintiffs' Complaint was executed on May 10, 20133, See Docket Entry No. 1, at 20, the Complaint could not have been submitted prior to that date.  Therefore, the fee to be paid in advance by each Plaintiff would necessarily be $400 if each is denied in forma pauperis status.

[2] Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee.  See 28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint.  See 28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined during that period.  See id.

Here, this Court cannot grant Plaintiffs in forma pauperis because they did not submit the required applications. Thus, they will be denied in forma pauperis status without prejudice.[3]

## II. Class Certification

Class certification is governed by Rule 23 of the Federal Rules of Civil Procedure. An action cannot proceed as a class matter unless all prerequisites set forth in Rule 23(a) and (b) are satisfied. See Fed. R. Civ. P. 23(c). Class certification is premature until the complaint is screened and filed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the pleading is ordered served and appointment of pro bono counsel, if warranted, is directed.[4]

---

[3] Plaintiffs shall take notice of Rule 20 of the Federal Rules of Civil Procedure, which governs permissive joinder of plaintiffs. Where more than one prisoner seeks to join in a complaint against a government official or entity, the prisoners may prepay a single $400 filing fee or *each* prisoner must seek and obtain in forma pauperis status. In the latter scenario, the Court must direct a $350 assessment against *each* prisoner. See id. at 150. The Court is also obligated to screen the complaint and dismiss any claim that is frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant. See 28 U.S.C. § 1915A. If a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed on the aforesaid grounds, the prisoner may not bring another action in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g); see also Byrd v. Shannon, 709 F.3d 211, aff'd upon rehearing 715 F.3d 117 (3d Cir. 2013) (strikes are accrued regardless of whether the prisoner prepaid the filing fee or proceeded in forma pauperis).

[4] The Court may appoint pro bono counsel only if all class representatives obtain in forma pauperis status. See 28 U.S.C. § 1915(e)(1); Local Civil Rules, Appendix H.

See Hagan v. Rogers, 570 F.3d 146, 159 (3d Cir. 2009); Link v. Mercedes-Benz of North America, Inc., 550 F. 2d 860, 864 (3d Cir. 1976).  A party seeking class certification bears the burden of proving that the putative class satisfies all requirements of Rule 23.[5]  See Johnston v. HBO Film Mgmt., Inc., 265 F.3d 178, 183-84 (3d Cir. 2001); see also Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 613-14 (1997).

> Pursuant to Rule 23:
>
> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1)   the class is so numerous that joinder of all members is impracticable;
> (2)   there are questions of law or fact common to the class;
> (3)   the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4)   the representative parties will fairly and adequately protect the interests of the class.[6]

Fed. R. Civ. P. 23(a).

Usually referred to as numerosity, commonality, typicality, and adequate representation, these requirements are "meant to

---

[5] The Court of Appeals has recognized the utility, and often the necessity, of looking beyond the pleadings at the class certification state of litigation.  See Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 168-69 (2001) ("In reviewing a motion for class certification, a preliminary inquiry into the merits is sometimes necessary to determine whether the alleged claims can be properly resolved as a class action").

[6] The possibility of having counsel appointed is not a substitute for the adequacy of the class representative.

assure both that class action treatment is necessary and efficient and that it is fair to the absentees under the particular circumstances." Baby Neal by Kanter v. Casey, 43 F.3d 48, 55 (3d Cir. 1994).

"Numerosity requires a finding that the putative class is so numerous that joinder of all members is impracticable." Newton, 259 F.3d at 182; Fed. R. Civ. P. 23(a)(1). "No single magic number exists satisfying the numerosity requirement." Moskowitz, v. Lopp, 128 F.R.D. 624, 628 (E.D. Pa. 1989). The Court of Appeals, however, generally has approved only classes of forty or more. See Stewart v. Abraham, 275 F.3d 220, 226-27 (3d Cir. 2001). Here, Plaintiffs' putative class of unspecified number of inmates whom Plaintiffs' qualify as "Muslim" inmates whose rights, in Plaintiffs' opinion, were violated, fails to satisfy the numerosity requirement.[7]

To satisfy the commonality requirement, Plaintiffs must show the existence of at least one question of law or fact common to the entire class. See Johnston, 265 F.3d at 184; see also In re the Prudential Ins. Co. of Am. Sales Practices Litig., 148 F.3d 283, 310 (3d Cir. 1998). "All that is required is that the litigation involve some common questions and that plaintiffs allege harm under the same legal theory." Baby Neal, 43 F.3d at

---

[7] Moreover, the Complaint and exhibits suggest that Plaintiffs' "class" might be limited solely to the four of them or only to Manso, individually.


58.    Here, Plaintiffs allege a multitide of various legal theories, and their Complaint offers this Court no assurances that any of these theories applies to each Plaintiff, moreover each member of the putative class.  Therefore, the commonality requirement also appears unsatisfied.

Furthermore, while the typicality requirement may be met despite the existence of some differences between the claims of the named plaintiffs and the claims of the proposed class, see Eisenberg v. Gagnon, 766 F.2d 770, 786 (3d Cir. 1985), this requirement is designed to align the interests of the class and the class representatives so that the latter will work for the benefit of the entire class through the pursuit of their own goals.  See In re Prudential Ins. Company of America, 148 F.3d 283, 311 (3d Cir. 1998); see also Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 923 (3d Cir. 1992).  Here, Plaintiffs assert a broad range of challenges but do not indicate the specific wrong each Plaintiff was exposed to or the harm each Plaintiff suffered.  Since this broad range of Plaintiffs' claims and, especially, their unique perception of which inmate should qualify as a "Muslim" prisoner whose rights were violated offer this Court no reason to conclude that each Plaintiffs' claims are typical to and aligned with the entire class, Plaintiffs did not meet the typicality requirement.

Rule 23 also requires that "the representative parties will

58.    Here, Plaintiffs allege a multitide of various legal theories, and their Complaint offers this Court no assurances that any of these theories applies to each Plaintiff, moreover each member of the putative class.  Therefore, the commonality requirement also appears unsatisfied.

Furthermore, while the typicality requirement may be met despite the existence of some differences between the claims of the named plaintiffs and the claims of the proposed class, see Eisenberg v. Gagnon, 766 F.2d 770, 786 (3d Cir. 1985), this requirement is designed to align the interests of the class and the class representatives so that the latter will work for the benefit of the entire class through the pursuit of their own goals.  See In re Prudential Ins. Company of America, 148 F.3d 283, 311 (3d Cir. 1998); see also Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 923 (3d Cir. 1992).  Here, Plaintiffs assert a broad range of challenges but do not indicate the specific wrong each Plaintiff was exposed to or the harm each Plaintiff suffered.  Since this broad range of Plaintiffs' claims and, especially, their unique perception of which inmate should qualify as a "Muslim" prisoner whose rights were violated offer this Court no reason to conclude that each Plaintiffs' claims are typical to and aligned with the entire class, Plaintiffs did not meet the typicality requirement.

Rule 23 also requires that "the representative parties will

fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  However, where the class includes members with divergent interests because the time of class membership is a factor, the representatives may not adequately represent the class throughout the entire life of the litigation.  See Bogosian v. Gulf Oil Corp., 561 F.2d 434, 449 (3d Cir. 1977); Miller v. Hygrade Food Prods. Corp., 198 F.R.D. 638 (E.D. Pa. 2001); see also Wetzel v. Liberty Mut., Ins. Co., 508 F.2d 239 (3d Cir. 1975).  Here, however, Plaintiffs' terms differ dramatically. For instance, the DOC records show that Salaam is serving a life sentence without parole, Manso is scheduled for a parole review on July 25, 2058, Harris is either scheduled for parole hearing on June 25, 2015 or will be released in 2020,[8] while Waliyuallah is not listed in the DOC records at all, which might indicate that Waliyuallah is merely a pre-trial detainee.  See https://www6.state.nj.us/DOC_Inmate/details?x=1027404&n=0;  https://www6.state.nj.us/DOC_Inmate/details?x=1066025&n=0; https://www6.state.nj.us/DOC_Inmate/details?x=1405606&n=1; https://www6.state.nj.us/DOC_Inmate/details?x=1066025&n=0.  Thus, the Court cannot find that the adequacy requirement is satisfied.

In addition to satisfying Rule 23(a), Plaintiffs must also

---

[8] Since Manso did not designate Harris' SBI Number in the Complaint, and there are two inmates named "Gary Harris" held at the SWSP, the Court cannot determine which of these two Harris inmates is the Harris listed among Plaintiffs in this action.

show that the putative class falls under at least one of the three subsections of Rule 23(b).  Since the putative class here seeks money damages, Plaintiffs must satisfy the requirements of Rule 23(b)(3) by establishing both predominance and superiority.[9]  See Grider v. Keystone Health Plan Cent., Inc., 2006 U.S. Dist. LEXIS 93085, at *36 (E.D. Pa. Dec. 21, 2006).

The predominance requirement of Rule 23(b) is even more rigorous than the commonality requirement of Rule 23(a).  See McMahon Books, Inc. v. Willow Grove Assocs., 108 F.R.D. 32, 35 (E.D. Pa. 1985).  The Supreme Court observed that, while "[p]redominance is a test readily met in certain cases alleging consumer or securities fraud[, certification of a class should be made with] caution where individual stakes are high and disparities among class members great."  Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 625 (1997) see also Windham v. Am. Brands, Inc., 565 F.2d 59, 68 (4th Cir. 1977) ("[W]here the issue of damages and impact . . . requires separate minitrials . . . the staggering problems of logistics . . . make the damage aspect . . . . predominate, and render the case unmanageable as a class

---

[9] Class action is less favored where plaintiffs seek monetary damages, because any award of damages requires case-by-case examination of individual claims, a process best suited to individual adjudications rather than class action lawsuits.  See Contawe v. Crescent Heights of Am., Inc., 2004 U.S. Dist. LEXIS 25746 (E.D. Pa. Dec. 21, 2004).

9

action") (internal citations omitted).[10] Here, the requirement of predominance and superiority are not met in light of the broad range of vaguely outlined challenges stated in the Complaint and Manso's exhibits focusing exclusively on his desire to receive "hot breakfasts" and "normal lunches" instead of the cold breakfasts and lunches consisting of peanut butter and jelly sandwiches. Correspondingly, Plaintiffs' application for class certification is without merit and will be denied.

**III. Substantive Deficiencies**

The Supreme Court detailed the standard for summary dismissal of a complaint in Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible since that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).

---

[10] In addition, the requirement that a class action be the superior method of resolving the claims ensures that there is no other available method of handling it which has greater practical advantages. See Fed. R. Civ. P. 23, Advisory Committee Note, 1966 Amendment to 23(b)(3); Johnston, 265 F.3d at 194.

Here, Plaintiffs named, as Defendants, various supervising DOC officers with regard to whom Plaintiffs fail to assert facts showing these officers' personal involvement in any alleged wrongs or these officers' causing any injuries Plaintiffs suffered as a result of those allegedly wrongful acts. Thus, as stated, Plaintiffs' claims are facially meritless. See, e.g., Iqbal, 556 U.S. at 676 (recognizing that vicarious liability is inapplicable to § 1983 suits); Monell, 436 U.S. 658, 692 (1978) (analyzing the statutory history and language of § 1983 and explaining why respondeat superior liability is not allowed).

Correspondingly, in the event Plaintiffs elect to file their respective amended pleadings, each Plaintiff shall assert his individual challenges by: (a) detailing the facts, if any, underlying his actual injuries; and (b) naming the individual defendants liable for the wrongs Plaintiff allegedly suffered.

**IV. Conclusion**

For the foregoing reasons, Plaintiffs' application for class certification will be denied. Plaintiffs' application to proceed in forma pauperis, if such application was implied in the submission at bar, will be denied without prejudice to seeking the same individually in connection with the new and separate matters opened by the Clerk for each Plaintiff. The Complaint will be dismissed without prejudice to each Plaintiff's filing of

his individual amended pleading in his new action.[11]

    An appropriate Order follows this Opinion.


                                s/Renée Marie Bumb
                                RENÉE MARIE BUMB
                                **United States District Judge**

Dated: October 1, 2013

---

[11] The instant matter will be reserved for the first-listed Plaintiff, Manso.  Therefore, in the event Manso elects to submit his amended pleading, he should do so in the instant matter.